**In re PSA, INC., ETS Payphones, Inc., ETS Vending, Inc. et al., Debtors.**

**Nos. 00–3570(JCA) to 00–3572(JCA) and 00–3718(JCA) to 00–3725(JCA).**

United States Bankruptcy Court,
D. Delaware.

April 19, 2002 [1].

1.  This Memorandum Opinion will be publish-      ed.

Thomas C. Marconi, Losco & Marconi, P.A., Wilmington, DE, James H. Shenwick, The Law Offices of James H. Shenwick, New York City, for Legends Communications, Inc.

Brendan Linehan Shannon, Sean M. Beach, Young, Conaway, Stargatt & Taylor, LLP, Wilmington, DE, E. Penn Nicholson, Shannon Lowry Nagle, Powell, Goldstein, Frazer & Murphy, LLP, Atlanta, GA, for Debtors and Debtors in Possession.

Frederick B. Rosner, Chase Manhattan Center, Cozen & O'Connor, Wilmington, DE, Co–Counsel to Creditor Committee.

### MEMORANDUM OPINION ON ADMINISTRATIVE EXPENSE CLAIM [2]

JOHN C. AKARD, Bankruptcy Judge.

Before the Court is the Motion of Legends Communications, Inc. ("Legends"), to compel payment of administrative expense claim. The issue is whether a postpetition administrative claim owed to Legends may be setoff against a prepetition receivable owed to Debtors, and if so whether Section 553 or 558 of the Bankruptcy Code applies to allow setoff.[3] The Court finds that this claim may be setoff against the prepetition receivable owed to Debtors under § 558 and applicable state law.[4]

## I. FACTS

By way of a Stipulation of Facts, the parties agreed to the following facts:

(1) For purposes of the Motion hearing only, Debtors and Legends stipulate that the amount of postpetition invoices outstanding and due from ETS to Legends is $140,297.18.

(2) For purposes of the Motion hearing only, Debtors and Legends stipulate that there is a prepetition receivable due from Legends to ETS Payphones in excess of $140,297.18. The determination of the actual amount of the receivable is reserved.[5]

(3) For purposes of the Motion hearing only, Legends reserves and withdraws its request for payment of the invoiced amount for the DS3 connections [to] the internet which totaled $323,972.64.[6]

## II. POSITIONS OF THE PARTIES

Legends filed the present Motion to compel payment under § 503(b)(1)(A) for postpetition services performed. In response to Legends' Motion to compel payment, Debtors objected on the grounds that the claim could be setoff (also referred to as offset) by applicable state law

---

**2.** This opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014.

**3.** All statutory references are to the Bankruptcy Code, 11 U.S.C. § 101 et seq., unless otherwise noted.

**4.** This Court has jurisdiction over this matter, which is a core proceeding, pursuant to 28 U.S.C. §§ 1334 and 157(b)(1), (b)(2) (A), (B) and (O).

**5.** The Court is unaware of any action commenced by Debtors to recover the prepetition receivable.

**6.** Neither party presented any evidence. Issues and allegations of fact were raised at argument, but they will not be considered here as they were not supported by evidence.

against the prepetition receivable as a defense preserved for the debtor by § 558. Legends answered Debtors' objection by asserting that § 553 controls and, although that section has been construed to apply to debtors, the section also requires that the debts to be setoff must all be prepetition.

## III. DISCUSSION

### A. § 553

Section 553 provides, in pertinent part: "(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case ..."

11 U.S.C. § 553(a) (2001).

■■■ The § 553 doctrine of setoff gives "a creditor the right to 'offset a mutual debt owing by such creditor to the debtor,' provided that both debts arose before the commencement of the bankruptcy action and are in fact mutual." *In re University Medical Center*, 973 F.2d 1065, 1079 (3d Cir.1992), citing, *In re Davidovich*, 901 F.2d 1533, 1537 (10th Cir. 1990). But since the present Motion concerns debts that are prepetition and postpetition and the setoff is being asserted by the Debtor, we must look to § 558 of the Bankruptcy Code to determine set off rights.

### B. § 558

Section 558 provides:

The estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statute of limitations, statutes of frauds, usury, and other personal defenses. A waiver of any such defense by the debtor after the commencement of the case does not bind the estate.

11 U.S.C. § 558 (2001) (formerly 11 U.S.C. § 541(e)).

■■■ In order to defeat unjust or improper claims against the estate, "the trustee [or debtor] must be able to assert all the defenses that the Debtor could have asserted had bankruptcy not intervened." *See Collier* on Bankruptcy ¶ 558.02 (15th ed.1991). The Debtors cite *In re Papercraft Corp.*, 127 B.R. 346 (Bankr.W.D.Pa. 1991), for authority that § 558 preserves any prepetition defenses a debtor may have. Courts have held that § 558 preserves any right of setoff the debtors may have under state law, including the right to setoff debtor's prepetition claims against administrative expense claims. *See Papercraft*, 127 B.R. at 350; *In re M.W. Ettinger Transfer Co.*, 1988 WL 129334 at *4 (Bankr.D.Minn.1988).

Specifically, Judge Fitzgerald stated in *Papercraft* that "because § 558 preserves to the Debtor the defenses it would have had prepetition, the court must examine the transaction as though the bankruptcy had not been filed." *See Papercraft*, 127 B.R. at 350. Examining the transaction in this way "eliminates the prepetition/postpetition distinction and, in essence, obliterates the requirement that the mutual debts must both be prepetition obligations in a § 558 context." *See Id.*[7]

---

7. The Court is aware that some courts have defined mutuality to include a requirement that there be contemporaneous transactions between the same parties. The Court believes that on the present facts the debts must be between the same parties for purposes of mutuality. Therefore since the corresponding debts are between Legends and Debtors, the debts are mutual.

Next, a right to setoff must be established under state law so that the debtor then may assert the setoff as a defense reserved by § 558. So we must look to applicable Georgia law, because both Legends and Debtors are headquartered in Georgia and the amounts involved accrued pursuant to services supplied in Georgia. *Westchester Structures,* 181 B.R. 730, 740 (Bankr.S.D.N.Y.1995). The Georgia Code permits a Defendant to setoff a debt owed him by the Plaintiff against the claim of the Plaintiff in an action to collect the debt. O.C.G.A. § 13-7-1.[8]

Since § 558 of the Bankruptcy Code preserves Debtors' setoff rights as provided by Georgia law and the prepetition/postpetition distinctions are irrelevant under § 558, Debtors may offset Legends' claim against amounts owed to Debtors by Legends. The use of setoff rights does not operate as a denial of Legends' claim; it reduces or eliminates the amount actually paid on account of the claim. The amount Legends' owes Debtors exceeds that which Debtors owes, thus it may appear as if it was eliminated.

In addition, neither party will be harmed if the Debtors' postpetition debt and prepetition receivable are setoff. Legends will receive the equivalent of payment because its own debt will be extinguished to that amount. As to Debtors, the bankruptcy estate will not be reduced by payment of the obligation. Furthermore, the Court does not wish to force Debtors to sue Legends in a separate action on its prepetition receivable claim. *See Ettinger,* 1988 WL 129334 at *4 (holding that debtor could offset prepetition, prepaid rent against lessor's claim for postpetition rent because it is "wholly unjust, improper and foolish" to force a debtor to sue the lessor in a separate action on its prepaid rent claim).

Therefore the Court holds that Debtors' Georgia setoff rights are preserved by § 558 and may setoff the $140,297.18 debt owed to Legends against the prepetition receivable owed to Debtors, valued in excess of $140,297.18 by the parties. The Court believes this is a fair and just result for both parties, given the facts of this Motion.

## IV. CONCLUSION

For the foregoing reasons, we deny Legends' Motion to compel payment of administrative expense claim.

Order accordingly.

---

**8.** Section 13–7–1 states: "[s]etoff does not operate as a denial of plaintiffs claim; rather it allows the defendant to set off a debt owed him by the plaintiff against the claim of the plaintiff." *See* O.C.G.A. § 13–7–1.